Citation Nr: 1602933 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 08-28 015 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Sioux Falls, South Dakota


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, claimed as posttraumatic stress disorder and diagnosed as depression. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

B. Thomas Knope, Counsel


INTRODUCTION

The Veteran served on active duty from February 1972 to May 1973.

This matter is on appeal from an April 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Sioux Falls, South Dakota. 

The Veteran testified before the undersigned Veterans Law Judge in June 2013. A transcript of the hearing is of record.

This appeal is comprised entirely of documents contained in the Virtual VA paperless claims processing system as well as the Veterans Benefits Management System (VBMS). Accordingly, any future documents should be incorporated in the Veteran's VBMS file. 

This appeal was remanded by the Board in October 2013 for further development and was denied by the Board in March 2015. The Veteran appealed this decision to the Court of Appeals for Veterans Claims (Court) which, in a November 2015 Order, vacated the Board's decision and remanded for additional development. The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, the Veteran's claim must be remanded for further development before it may be adjudicated. Specifically, it has been the Veteran's contention that his currently diagnosed acquired psychiatric disorder is related to his active duty service. In this regard, the Board notes that the Veteran received mental health treatment while in service, although his psychiatric diagnoses were limited to a "passive-dependent personality disorder." Personality disorders are typically not applicable for service connection purposes. See 38 C.F.R. § 3.303 (c) (2015). Nevertheless, such symptoms were sufficient for the Board to remand this appeal in October 2013 for a VA psychiatric examination and opinion. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

A VA examination was completed in December 2013, where the examiner determined that the Veteran's current acquired psychiatric disorder was unrelated to his in-service symptoms. However, the examiner's comments in support of this conclusion are inadequate for adjudication purposes. Specifically, while the examiner correctly notes that the Veteran was diagnosed with "a passive dependent personality disorder and reactive depression with neurotic features" in service, he did not explain how this relates, or does not relate, to his current diagnosed depression. Rather, the examiner's comments addressed only the factors that contributed to his in-service symptoms. 

When the Board determines that a VA examination or opinion is necessary, it has the responsibility to ensure that the examination and opinion provided is adequate for adjudication purposes. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). As this was not done here, a supplemental opinion is necessary. See also Stegall v. West, 11 Vet. App. 268 (1998).
 
Accordingly, the case is REMANDED for the following action:

1. Obtain all treatment records from the VA Medical Center in Sioux Falls, South Dakota, since December 2013, as well as from any VA facility from which the Veteran has received treatment.

If the Veteran has received additional private treatment, he should be afforded an appropriate opportunity to submit them. 

2. Return the claims file to the VA psychiatric examiner who examined the Veteran in December 2013. The examiner should review all new evidence of record, including the statements made by the Veteran as well as by friends and family, and provide an addendum to his previous opinion as to whether it is at least as likely as not (i.e. a probability of 50 percent or greater) that his current acquired psychiatric disorder is related to his active duty service.

In requesting this opinion, the Board is specifically asking the examiner to explain the nature of his current disorder, depression, and whether this disorder is etiologically related to the symptoms he displayed in service. 

If PTSD is diagnosed, the examiner should specify if such symptoms are related to a specific stressor event. For any diagnosed psychiatric condition other than PTSD, the examiner is asked to opine whether it is at least as likely as not (i.e. a 50 percent probability or greater) that the Veteran's disability had onset in service, was caused or permanently aggravated by the Veteran's active military service or is otherwise related thereto.

If the Veteran is diagnosed with a personality disorder, the examiner should address whether the disorder was present during service. If so, the examiner should then address whether the disorder existed prior to service. For any personality disorder that existed prior to service, the examiner should address whether any additional disabling disease or injury was superimposed upon the disorder during service. 

All opinions must be accompanied by a thorough reasons and bases for the opinions rendered. If the examiner is unable to provide such an opinion without resorting to speculation or for any other reason, an adequate explanation should be provided as to why such an opinion cannot be provided. Such explanations may include, but are not limited to, limited experience in the specific medical field or the need for additional tests.

A new psychiatric examination is not necessary unless deemed necessary by the examiner, or the examiner who provided the December 2013 opinion is no longer available.

3. After the above action is completed, if the claim is not fully granted, a supplemental statement of the case should be issued on the issues of entitlement to service connection for residuals of a head injury and a cervical spine disorder, and the claims file should be returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).